UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 05-CR-307

DALE BOMSKE,

        Defendant.

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Defendant Dale Bomske plead guilty to one count of selling a firearm to an unauthorized person contrary to 18 U.S.C. §§ 922(b)(5) and 924(a)(2). On June 22, 2006, he was sentenced to a term of eighteen months in the custody of the Bureau of Prisons to be followed by two years of supervised release. The defendant was allowed to voluntarily surrender to the Bureau of Prisons to commence his prison term and did so on August 7, 2006. He is currently serving his sentence at FCI - Duluth, Minnesota. Presently before the court is defendant's motion for a stay of execution of his sentence pending appeal. Defendant claims he needs to be out of prison in order to assist his counsel with his appeal. Defendant also notes that he has no prior record and is not a flight risk.

A motion for release pending appeal post-sentencing is governed by 18 U.S.C. § 3143(b). That statute authorizes release if a defendant is able to establish 1) by clear and convincing evidence that he is not likely to flee or pose a danger to an individual or the community; and 2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a non-prison sentence, or a sentence less than that already served plus the expected duration of the appeal.

Although Defendant states in his motion that he is not likely to flee and does not pose a danger to any individual in the community, he leaves unaddressed the second requirement for release pending appeal. The motion sheds no light on what possible grounds exist to appeal either his conviction or his sentence. The court notes that the conviction was entered pursuant to a plea agreement with the government and that the sentence imposed was within the guideline range. The court further notes that a sentence within the guideline range is presumptively reasonable under Seventh Circuit law. *United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006). Absent further information, the court is unable to determine that the appeal raise a "substantial issue of law or fact" that is likely to result in reversal of his conviction, a new trial or a shorter sentence. He thus fails to meet the requirements of § 3143(b).

Finally, although Defendant claims that his release on appeal is necessary to allow him to assist his attorney in prosecuting the appeal, he again provides no information as to why this is the case. The vast majority of defendants are able to effectively appeal their conviction or sentence even though they are still serving a prison term. Under the circumstances, the court has no reason to conclude that the appeal is for any purpose other than delay. Accordingly, the motion for release pending appeal is denied.

**SO ORDERED** this   24th   day of August, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge